IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| KIM PURNELL, #316854, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:09-2424-RBH-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN RIDGELAND ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Kim Purnell, ("Purnell"), is an inmate at the South Carolina Department of Corrections serving a sentence of seven (7) years imprisonment for trafficking in cocaine. Purnell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on September 15, 2009. Respondent filed a return and motion for summary judgment on January 28, 2010. Because Purnell is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 29, 2010 advising him of his responsibility to respond to the motion for summary judgment. Purnell filed his response to the motion on March 4, 2010.

1

**Background and Procedural History**

On August 4, 2005, Purnell was stopped by the South Carolina Highway Patrol while driving in Greenville County. A search of his vehicle resulted in the seizure of a kilogram of cocaine. Purnell was charged with trafficking in cocaine in excess of 400 grams which carries a mandatory minimum term of imprisonment of 25 years. His retained attorney, Christopher T. Posey, Esquire, negotiated a plea to trafficking in cocaine from 28 grams to 100 grams. On August 7, 2006, Purnell entered a guilty plea and was sentenced to the mandatory minimum of 7 years. He did not file a direct appeal.

Purnell filed an application for post-conviction relief ("PCR") on October 13, 2006. (App. 11). An evidentiary hearing was held on April 19, 2007. (App. 23). Kenneth C. Gibson, Esquire, represented Purnell. Mr. Posey testified, and Purnell declined to testify. The PCR court filed an order of dismissal on May 8, 2007. (App. 38).

A Johnson[1] petition for writ of certiorari was filed in the South Carolina Supreme Court by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether trial counsel was ineffective for failing to challenge the drugs which were the product of an illegal detention of petitioner in violation of State v. Williams, 351 S.C. 591, 571 S.E.2d 703 (Ct.App. 2002)?

The State filed an informal return. The case was transferred to the South Carolina Court of Appeals. The petition for writ of certiorari was denied on May 29, 2009. Purnell's petition for a rehearing was denied on July 2, 2009. The Remittitur was returned on August 6, 2009.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); see also Anders v. California, 386 U.S. 738 (1967).

**Grounds for Relief**

In his present petition, Purnell asserts that he is entitled to a writ of habeas corpus on the following grounds:

**GROUND ONE:** Denied the actual effective assistance of (criminal defense) counsel.

**Supporting Facts:** Petitioner's criminal defense attorney rendered the actual ineffective assistance of counsel to Purnell wherein he failed to file and pursue a motion to suppress the government's evidence (illicit) drugs which were the result of illegal search and seizure (fruit of the poisonous tree) during a traffic stop on I-85 in Greenville Count on or about 8-4-05. Counsel failed to investigate chain of custody and etc. There is no evidence which suggests consent of search the vehicle was given by Petitioner. The facts show that he was given a warning ticket, seized again and unlawfully searched.

**Discussion**

**1. Standard of Review**

Since Purnell filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams

v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

**2. Ineffective Assistance of Trial Counsel**

Purnell asserts that Mr. Posey was ineffective for failing to make a motion to suppress the cocaine discovered in his vehicle.[2]

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States

---

[2]Purnell also asserts that counsel was ineffective for failing to challenge the chain of custody of the drugs, and a generic allegation ("etc.") of Posey's shortcomings. However, these claims were not raised in state court and they are procedurally barred. *See* Coleman v. Thompson, 501 U.S. 722 (1991).

4

Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams

v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Purnell's claim fails for at least two reasons. First, he does not assert that his plea was involuntary. Generally, a voluntary plea of guilty precludes any attack on antecedent non-jurisdictional defects. Tollett, 411 U.S. at 267-268. This rule is applicable in habeas cases where the state law bars litigation of such claims after a guilty plea. Under South Carolina law, "'a plea of guilty, voluntarily and understandingly made constitutes a waiver of non-jurisdictional defects and defenses...prior to the plea.'" Frazier v. South Carolina, 430 F.3d 696, 709-710 (4th Cir. 2005)

quoting Rivera v. Strickland, 264 S.C. 121, 213 S.E.2d 97, 98 (1975). Thus, under this precedent, Purnell is precluded from litigating the validity of the search at this point.

Second, the PCR court specifically found that Mr. Posey properly investigated Purnell's case and considered making a motion to suppress based on state precedent. Further, the PCR court found that Mr. Posey discussed the suppression issue with Purnell, and Purnell decided to accept the plea offer.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.

Purnell has not shown that the PCR court's findings were contrary to, or an unreasonable application of Strickland. The record supports the conclusion that Mr. Posey investigated the case and presented the options to Purnell who voluntarily decided to plead guilty.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

                                                          Joseph R. McCrorey
                                                          United States Magistrate Judge

March 16, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).