IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kim Purnell, #316854, ) | Civil Action No.: 3:09-2424-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Ridgeland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Ridgeland Correctional Institution, in Ridgeland, South Carolina.

Respondent filed his [Docket Entry 12] Motion for Summary Judgment, along with a return and memorandum, on January 28, 2010. Because Petitioner is proceeding *pro se*, this court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 29, 2010, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner filed a response to the motion on March 4, 2010.

This matter is now before the court with the [Docket Entry 17] Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey[1] filed on March 16, 2010. In his Report, the Magistrate Judge reviewed Respondent's Motion for Summary Judgment and recommended that the court should grant the motion. Report at 8. Petitioner timely filed objections to the Magistrate Judge's Report. *See* Obj. [Docket Entry 20].

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

**Background**

On August 4, 2005, Petitioner was stopped by the South Carolina Highway Patrol while driving in Greenville County, South Carolina. App. [Docket Entry 13-1] at 46. After finding cocaine in the trunk of the vehicle, Petitioner was ultimately indicted for trafficking cocaine in excess of 400 grams. *Id.* On August 7, 2006, Petitioner pled guilty to trafficking in cocaine from 28 grams to 100 grams, and the state trial court sentenced him to the mandatory minimum of seven (7) years. Petition [Docket Entry 1] at 1. Christopher T. Posey, Petitioner's retained attorney, represented him during the guilty plea process, and Petitioner did not file a direct appeal. *Id.* at 2, 12.

Petitioner filed an application for post-conviction relief (PCR) on October 13, 2006. App. at 13. The PCR court held an evidentiary hearing on April 19, 2007. *Id.* at 25. At the hearing, Mr. Posey testified, and Petitioner declined to testify. *Id.* at 30. The PCR court filed an order of dismissal on May 8, 2007. *Id.* at 40.

The South Carolina Commission on Indigent Defense then filed a *Johnson*[2] petition for writ of certiorari with the South Carolina Supreme Court raising the following issue: "Whether trial counsel was ineffective for failing to challenge the drugs which were the product of an illegal detention of petitioner in violation of *State v. Williams*, 351 S.C. 591, 571 S.E.2d 703 (Ct. App. 2002)?" *Johnson* Petition [Docket Entry 13-2] at 3. The respondent in that matter thereafter filed an informal return. Return [Docket Entry 13-3]. The Supreme Court eventually transferred the case to the South Carolina Court of Appeals. Transfer [Docket Entry 13-4] at 1-2. The Court of Appeals denied the petition for writ of certiorari, and Petitioner's petition for a

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

2

rehearing was subsequently denied on July 2, 2009. Order [Docket Entry 13-6]. The Remittitur was returned on August 6, 2009. [Docket Entry 13-7].

This petition for federal habeas relief followed. In the present petition, Petitioner asserts the following:

> **GROUND ONE**: Denied the actual effective assistance of (criminal defense) counsel.
>
>> **Supporting Facts**: Petitioner's criminal defense attorney rendered the actual ineffective assistance of counsel to Purnell wherein he failed to file and pursue a motion to suppress the government's evidence (illicit) drugs which were the result of illegal search and seizure (fruit of the poisonous tree) during a traffic stop on I-85 in Greenville County on or about 8-4-05; Counsel failed to investigate chain of custody and etc. There is no evidence which suggests consent to search the vehicle was given by Petitioner. The facts show that he was given a warning ticket, seized again and unlawfully searched.

Petition at 5.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his Report, the Magistrate Judge first found that Petitioner's claim "that counsel was ineffective for failing to challenge the chain of custody of the drugs, and [his] generic allegation ('etc.') of Posey's shortcomings," were not raised in state court and therefore are procedurally barred. Report at 4 n.2. As to the merits of Petitioner's ineffective assistance of counsel claim, the Magistrate Judge found the following: "[Petitioner] has not shown that the PCR court's findings were contrary to, or an unreasonable application of *Strickland*. The record supports the conclusion that Mr. Posey investigated the case and presented the options to [Petitioner] who voluntarily decided to plead guilty." *Id.* at 7. Accordingly, the Magistrate Judge recommended that the court should grant Respondent's Motion for Summary Judgment. *Id.* at 8.

All of Petitioner's arguments in his objections appear to be related. Essentially, he argues that he was not provided a full and fair hearing in state court, because the PCR court improperly denied a motion for a continuance that he requested in order to amend his PCR application. He contends that the PCR court's refusal to grant a continuance provides "cause and prejudice" for his procedural default on his barred claims. Moreover, he contends that he was unable to "specifically contest the free will of [his] guilty plea" because the PCR court prohibited him from amending his PCR application. Obj. at 2.

As to the procedural bar, Petitioner has failed to establish the "cause and prejudice" necessary to overcome such a bar. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (stating

4

that a petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from failure to review the claim). Initially, the court notes that it is uncertain as to whether alleged PCR court errors are the type of claim that can even support a finding of "cause" for a procedural default. Courts have held that "alleged procedural errors in a state PCR proceeding are . . . not grounds for federal habeas relief." *Odom v. Warden of Turbeville Corr. Inst.*, 8:08-183-TLW-BHH, 2009 WL 73806, at *9 (D.S.C. Jan. 8, 2009); *see also Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) (stating that a challenge to Virginia's state habeas corpus proceedings cannot provide a basis for federal habeas review) (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988)). Regardless, when a petitioner asserts a claim of cause to excuse his procedural default, the claim of cause itself must be exhausted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In the case at bar, there is no evidence that Petitioner exhausted his claim that the PCR court erred by not granting him a continuance. Petitioner did appeal from the PCR court's order of dismissal, however, the only ground raised in that appeal related to his trial counsel's failure to challenge the drugs in question. *See Johnson* Petition at 3. Therefore, because Petitioner has not exhausted his claim regarding the PCR court's error in denying his motion for a continuance, Petitioner cannot establish the "cause" necessary to overcome his procedural default.

As to the merits of his ineffective assistance of counsel claim, Petitioner sets forth nothing in his objections to establish that the PCR court's findings were contrary to, or unreasonable application of *Strickland*. As a matter of fact, Petitioner does not even specifically object to this recommendation of the Magistrate Judge. Rather, Petitioner contends only that he was prevented from amending his PCR application, "whereby he could specifically contest the

free will of [his] guilty plea." Obj. at 2. Accordingly, the court has reviewed the Magistrate Judge's recommendation for clear error, and finds none. *See Diamond*, 416 F.3d at 315. Moreover, to the extent Petitioner is attempting to raise claims in this petition regarding the actions of the PCR court, not only are those claims not exhausted and now procedurally barred,[3] but "alleged procedural errors in a state PCR proceeding are . . . not grounds for federal habeas relief." *Odom*, 2009 WL 73806, at *9 (citing *Wright*, 151 F.3d at 159); *see also Foy v. Ballard*, No. 5:08CV42, 2009 WL 667201, at *4 ("[A]s to those allegations in which the petitioner challenges the state court process, such a claim is not cognizable on federal habeas review.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Therefore, Respondent's Motion for Summary Judgment should be granted.

## Conclusion

The court has thoroughly reviewed the Report, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner's petition is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[3] *See infra* p.5 (stating that Petitioner raised only the issue of his trial counsel's failure to challenge the drugs in his state appeal).

**IT IS SO ORDERED.**

                                                              s/R. Bryan Harwell  
                                                              R. Bryan Harwell  
                                                              United States District Judge

April 15, 2010  
Florence, South Carolina