IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kim Purnell,  #316854, | ) | Civil Action No.: 3:09-2424-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Ridgeland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is now before the court with Petitioner's [Docket Entry 24] Motion to Alter or Amend Judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, filed on April 26, 2010.[1]  In his Motion, Petitioner asks this court to reconsider and alter or amend its [Docket Entry 21] Order entered April 15, 2010, which granted summary judgment in favor of Respondent.  Respondent has not responded to this current Motion.  For the reasons set out below, the court denies Petitioner's Motion to Alter or Amend Judgment.

## Standard of Review

Motions under Rule 59 are not to be made lightly: "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations and citations omitted).  The Fourth Circuit has held that such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence not available at trial, or (3) "to correct a *clear error of law* or to prevent manifest injustice." *Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

added).  "Thus, the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).  However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).  Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, No. 1:06cv956, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.") (internal citations and quotations omitted).

**Discussion**

In his Motion, Petitioner asks the court to reconsider specifically the part of its prior Order where the court held that "there is no evidence that Petitioner exhausted his claim that the PCR court erred by not granting him a continuance." Order at 5.  Petitioner attached to this current motion his [Docket Entry 24-1] *Pro Se* Response to *Johnson* Petition for Certiorari ("*Pro Se* Response"), which was previously filed with the South Carolina Supreme Court.  Petitioner contends that "this pro se brief or 2-27-08 petition in South Carolina Supreme Court should be construed as a challenge to the denial of the continuance as he wanted to amend the APCR."

Motion at 2. Petitioner requests that this court alter or amend its prior Order to accordingly deny

Respondent's motion for summary judgment and remand this case for an evidentiary hearing. *Id.*

First, Petitioner's Motion should be denied because it fails to meet the Rule 59(e)

standard. Petitioner does not assert in his Motion an intervening change in law nor a clear error

of law or manifest injustice. And, while it does not appear that the attached evidence was

submitted to the court prior to this Motion, Petitioner does not and cannot argue that this

attached evidence is new evidence that was not previously available. *Collison*, 34 F.3d at 235.

On the contrary, a review of Petitioner's *Pro Se* Response reveals that Petitioner handwrote and

signed the document. *See Pro Se* Response at 1-8. Moreover, Petitioner referenced the *Pro Se*

Response in his affidavit that he filed with this court in opposition to Respondent's summary

judgment motion. *See* Affidavit [Docket Entry 15-1] at 2 ("Affiant did file 2-27-08 pro se

response to Johnson petition in S.C. Supreme Court."). Accordingly, Petitioner's Motion should

be denied as it fails to meet the Rule 59(e) standard.

Alternatively, even if the court was to consider the *Pro Se* Response, Petitioner's Rule

59(e) Motion should still be denied. Petitioner argues in his Motion that "his pro se brief . . .

should be construed as a challenge to the denial of the continuance," and therefore he contends

he has properly exhausted the issue in question. The court disagrees. This court's prior Order

held that "there [was] no evidence that Petitioner exhausted his claim that the PCR court erred by

not granting him a continuance." Order at 5. And a thorough review of Petitioner's *Pro Se*

Response reveals that nowhere in that brief does Petitioner raise any arguments regarding the

PCR court's alleged error in denying Petitioner's motion for a continuance. Rather, the *Pro Se*

Response argues throughout that Petitioner's PCR counsel was ineffective for allegedly failing to

include all possible grounds for relief in Petitioner's original application for PCR.  Because the

*Pro Se* Response does not assert any PCR court errors, nor even mention the PCR court's denial

of Petitioner's motion for a continuance, this court's prior Order is not affected by the attached

evidence.

### Conclusion

Based on the foregoing, it is therefore **ORDERED** that Petitioner's Motion to Alter or

Amend Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**


    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 21, 2010